

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------
JENNIFER COOK,

                      Plaintiff,

          - against -

THE GAP, INC.,

                      Defendant.

---------------------------------------------------------------

**COMPLAINT**

       The plaintiff JENNIFER COOK by her attorneys, Kreindler & Kreindler, as and for her Complaint respectfully alleges upon information and belief as follows:

## JURISDICTION AND VENUE

1.     Plaintiff Jennifer Cook was and is a resident of the County of Westchester, State of New York.

2.     Defendant The Gap, Inc. ("The GAP") is incorporated under the laws of Delaware and maintains a corporate headquarters and principal place of business at 2 Folsom Street, San Francisco, California 94105.

3.     This Court has original jurisdiction under 28 U.S.C. § 1332(a) that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) Dollars, exclusive of interest and costs.

4.     Venue in this District satisfies the requirements of 28 U.S.C. § 1391, in that defendant conducts substantial business in this district and is subject to personal jurisdiction within this district.

## GENERAL ALLEGATIONS

5. The GAP is a worldwide specialty retailer offering clothing and accessories for men, woman, children and babies.

6. The GAP operates approximately 3000 retail sites throughout the world including store number 7027, located in Mt. Kisco, New York ("STORE 7027").

7. STORE 7027 is not a separate and distinct corporate entity, but rather is part of The GAP.

8. All policies regarding The GAP's services are written, formulated, and made at the corporate headquarters in California.

9. Most of the corporate officers are residents of California (one officer is a resident of New Mexico) and maintain their offices in California.

10. The marketing/advertising, human resource, finance, and personnel functions are centralized through departments in California.

11. The corporate books, records, and accounts are prepared and maintained in California. Likewise, The GAP's tax returns are generated and filed in California.

12. The GAP has no ultimate policy makers residing in New York.

13. The operation of STORE 7027 is ultimately controlled and overseen by management and officers in California.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF JENNIFER COOK FOR PERSONAL <u>INJURIES BASED ON NEGLIGENCE</u>

14. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-13 as if fully set forth at length herein.

15. On or about May 8, 2006, plaintiff JENNIFER COOK was lawfully in Store 7027.

16. On or about May 8, 2006, employees at Store 7027 carelessly, recklessly and negligently left an approximately six foot tall ladder concealed in a clothing rack obstructing it from view.

17. The top of the ladder was hidden by the clothing rack, and the bottom of the ladder, which protruded into the clothing aisle, was hidden by long garments, believed to be long dresses.

18. Plaintiff, being unaware of the ladder's presence, attempted to walk through the aisle when her foot became entangled in the ladder causing Plaintiff to fall and suffer permanent physical injuries to her knee, back, legs, and torso, as well as suffer serious pain and severe mental anguish.

19. The Manager of Store 7027 admitted to Plaintiff that the placement of the ladder as stated above was negligent, and that she had previously instructed Store 7027 employees to remove all ladders from the store floor when they were no longer in use.

20. Defendant The GAP owed Plaintiff a duty to ensure that the aisle was safe, free from obstruction, not unreasonably dangerous, and did not present an unusual risk of harm.

21. Defendant breached their duty of reasonable care by negligently, carelessly, and recklessly creating a dangerous condition by concealing a ladder under clothes which obstructed

the aisle, and the breach caused plaintiff JENNIFER COOKS's personal injuries.

22. Defendant caused or created the dangerous condition and/or had actual or constructive notice of the dangers associated with the placement of a ladder in such a way on the store floor which caused the incident which resulted in plaintiff JENNIFER COOK being seriously injured.

23. Defendant itself and/or by its officers, agents, employees, servants and/or representatives, were careless and negligent and breached its duties and responsibilities, in that the Defendant negligently, carelessly, and recklessly concealed a ladder under clothes that blocked the aisle; negligently, carelessly, and recklessly maintained and controlled the store floor in the subject area; failed to use the requisite degree of care, caution and prudence in the maintenance and control of the store floor in the subject area which the circumstances required; failed to notice, observe, and correct the dangerous condition of the concealed ladder; concealed a ladder without regard for the safety and well-being of patrons in the area; failed to provide adequate notice or warning of the hazard of the dangerous condition; failed to provide adequate warnings in the subject area around the ladder; and, the defendant were otherwise careless and negligent.

24. Defendant had actual or constructive knowledge that the positioning of the ladder and/or its concealment posed a danger to patrons who wished to walk in the subject area around the ladder.

25. The dangerous and defective situation referred to above and the failure of defendant to exercise the level of care appropriate and reasonable under the circumstances was the proximate and legal cause of the injuries sustained by plaintiff JENNIFER COOK.

26. That by reason of all the foregoing, and the carelessness, negligence and

recklessness of the defendant, plaintiff JENNIFER COOK suffered severe and permanent physical injuries to her knee, back, legs, and torso; suffered and will continue to suffer serious and permanent physical and mental pain and suffering and severe mental anguish; all of which require continued treatment; and she will continue to incur future expenses therefrom; has suffered loss of earning and earning capacity and loss of enjoyment of life; and plaintiff JENNIFER COOK was otherwise injured.

27. As a result of the foregoing, plaintiff JENNIFER COOK has been damaged in the amount of One Million ($1,000,000) Dollars.

**WHEREFORE**, plaintiff JENNIFER COOK demands judgment against the defendant The GAP in the sum of One Million ($1,000,000) Dollars, together with the costs and disbursements of this action.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims in this action.

Dated: New York, New York
       May 7, 2008

                                        Resentfully submitted:

                                        KREINDLER & KREINDLER LLP

                                        By: _____
                                                James P. Kreindler (JK 7084)
                                                100 Park Avenue
                                                New York, NY 10017
                                                (212) 687-8181
                                                *Attorneys for Plaintiff*